IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT CLARK and TAMARA CLARK, | : | No. 15cv276 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| FAST TRACK FREIGHT, LLC and CARL DEBUS, JR., | : | |
| Defendants | : | |

## MEMORANDUM

Before the court is Defendant Fast Track Freight's motion to dismiss. (Doc. 12). The parties have briefed the matter and it is ripe for disposition. For the reasons articulated below, we will deny defendant's motion.

**Background**

Plaintiffs Robert Clark and Tamara Clark's (hereinafter "plaintiffs") claims arise from an accident between two tractor-trailers in Schuylkill County, Pennsylvania. (Doc. 1, Compl. ¶ 1). On March 18, 2013, Defendant Debus operated a Fast Track Freight tractor-trailer and struck the back of Plaintiff Robert Clark's tractor-trailer. (Id.) Plaintiffs allege that the accident, caused by defendants' negligence, left Plaintiff Robert Clark with serious and permanent injuries, including traumatic brain injury. (Id.

¶¶ 20-21).

Plaintiffs filed suit on February 6, 2015, asserting claims for negligence in the operation of the vehicle and in the training of Defendant Debus, negligent entrustment, and loss of consortium. (Doc. 1, Compl.). Defendants filed the instant motion to dismiss on March 3, 2015. (Doc. 12). The parties have briefed the issues, and the motion is ripe for our consideration.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiffs Robert and Tamara Clark are citizens of New York. (Compl. ¶ 2). Defendant Fast Track Freight is a Maryland corporation, and Defendant Debus is a citizen of Maryland. (Id.) Additionally, the amount in controversy exceeds $75,000. Because complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000, the court has jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441 (A defendant can generally remove a state court civil action to federal court

if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute). As a federal court sitting in diversity, the substantive law of Pennsylvania applies to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendant filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege

3

facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted). "Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (quoting Twombly, 550 U.S. at 555).

The Supreme Court has counseled that a court examining a motion to dismiss should, "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681.

**Discussion**

Defendant Fast Track Freight moves to dismiss Count I of plaintiffs' complaint, asserting plaintiffs have failed to state a claim for negligent

5

entrustment.  Plaintiffs argue Count I states a claim for negligent entrustment upon which relief can be granted.[1]

Pennsylvania follows section 308 of the Second Restatement of Torts, which defines negligent entrustment:

> It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

Burnett v. Swift Trans., Inc., No. 3:07cv1490, 2011 WL 533603, at *8 (M.D. Pa Feb. 8, 2011) (citing Ferry v. Fisher, 709 A.2d 399, 403 (Pa. Super. Ct. 1998)); see also Christiansen v. Silfies, 667 A.2d 396 (Pa. Super. Ct. 1995).

In the instant matter, Plaintiffs allege that Fast Track knew or should have known that Debus was likely to operate the tractor-trailer in a manner that would create an unreasonable risk of harm to others.  (Compl. ¶ 24). Plaintiffs assert that the lengthy record of safety violations accumulated by Fast Track and its drivers, including Debus, placed Fast Track on notice

---

[1] Plaintiffs assert, and defendant does not dispute, that Count I includes additional claims beyond negligent entrustment.  Defendant does not challenge these claims in its motion to dismiss, and therefore, we limit our analysis to negligent entrustment.

that Debus would drive in an unsafe manner.  (Id.)  Viewing plaintiffs' allegations as true, plaintiffs' complaint may establish a negligent entrustment claim.  Accordingly, defendant's motion to dismiss this claim will be denied.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss will be denied.  An appropriate order follows.


**DATE:6/30/2015**               **s/ James M. Munley**
                                 **JUDGE JAMES M. MUNLEY**
                                 **United States District Court**